# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### GREENVILLE DIVISION

STANLEY ALEXANDER PEACE, )
)
              Plaintiff, )    No. 6:16-cv-02589-DCN
)
    vs. )
)      **ORDER**
NANCY A. BERRYHILL, *Acting* )
*Commissioner of Social Security* )
*Administration,*[1] )
)
             Defendant. )
_____ )

This matter is before the court on United States Magistrate Judge Kevin F.

McDonald's Report and Recommendation ("R&R") that this court affirm Acting

Commissioner of Social Security Nancy A. Berryhill's ("the Commissioner") decision

denying plaintiff Stanley Alexander Peace's ("Peace") application for disability insurance

benefits ("DIB"). Peace filed objections to the R&R. For the reasons set forth below, the

court rejects the R&R, reverses the Commissioner's decision, and remands the case for

further administrative proceedings.

## I.  BACKGROUND

Unless otherwise noted, the following background is drawn from the R&R.

### A.  Procedural History

Peace filed an application for DIB on August 8, 2014, alleging disability

beginning on May 5, 2011, which was later amended to March 30, 2013.[2] The Social

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social
Security; therefore, she is substituted as the named defendant pursuant to Federal Rule of
Civil Procedure 25(d).

1

Security Agency denied Peace's claim initially and on reconsideration. Peace requested a hearing before an ALJ, and ALJ Marcus Christ held a hearing on March 24, 2016.

The ALJ issued a decision on April 20, 2016, finding Peace not disabled under the Social Security Act and noting that substance abuse was a contributing factor material to the determination of disability for a portion of the relevant period, and that upon achieving sobriety, Peace no longer had disabling functional limitations. Peace requested Appeals Council review of the ALJ's decision. The Appeals Council denied Peace's request for review, rendering the ALJ's decision the final decision of the Commissioner. On July 19, 2016, Peace filed this action seeking review of the ALJ's decision. The magistrate judge issued an R&R on September 21, 2017, recommending that this court affirm the ALJ's decision. Peace filed objections to the R&R on October 5, 2017, to which the Commissioner responded on October 19, 2017. The matter is now ripe for the court's review.

**B.      Medical History**

Because Peace's medical history is not directly at issue here, the court dispenses with a lengthy recitation thereof and instead notes a few relevant facts. Peace was born on February 15, 1964, and was forty-nine years old on the alleged onset date. He has a high school education and past relevant work experience as a truck driver.

**C.      ALJ's Findings**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental

---

[2] Peace later amended his alleged onset date at the hearing before administrative law judge ("ALJ") Christ to March 30, 2013, the day after the ALJ's unfavorable decision in his prior claim. Tr. 11, 313.

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The Social Security regulations establish a five-step sequential evaluation process to determine whether a claimant is disabled. See 20 C.F.R. § 404.1520. Under this process, the ALJ must determine whether the claimant: (1) "is currently engaged in substantial gainful activity;" (2) "has a severe impairment;" (3) has an impairment which equals an illness contained in 20 C.F.R. § 404, Subpt. P, App'x 1, "which warrants a finding of disability without considering vocational factors;" (4) if not, whether the claimant has an impairment that prevents him from performing past relevant work; and (5) if so, "whether the claimant is able to perform other work considering both his remaining physical and mental capacities" (defined by his residual functional capacity) and his "vocational capabilities (age, education, and past work experience) to adjust to a new job." Hall v. Harris, 658 F.2d 260, 264–65 (4th Cir. 1981); 20 C.F.R. § 404.1520(a)(4). The applicant bears the burden of proof during the first four steps of the inquiry, while the burden shifts to the Commissioner for the final step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)).

The ALJ employed the statutorily-required five-step sequential evaluation process to determine whether Peace was disabled beginning March 30, 2013. The ALJ first determined that Peace did not engage in substantial gainful activity during the period at issue. Tr. 13. At the second step, the ALJ found that Peace suffered from the following severe impairments: major depressive disorder, post-traumatic stress disorder ("PTSD"), sleep apnea, hypertension, degenerative joint disease of bilateral knees, and

polysubstance abuse disorder.[3]  Tr. 14.  At step three, the ALJ found that Peace's impairments or combination of impairments, including the substance abuse disorders, met Sections 12.04, 12.06, and 12.09 of the Agency's Listings of Impairments ("the Listings") through July 15, 2014.  Tr. 14; see 20 C.F.R. Part 404, Subpt. P, App'x 1.  The ALJ found that if Peace stopped the substance use, his remaining limitations would cause more than a minimal impact on his ability to perform basic work activities, and thus, he would continue to have a severe impairment or combination of impairments.  Tr. 16.  However, the ALJ held that if Peace stopped the substance use, Peace's severe impairment or combination of impairments would not meet or medically equal one of the Listings.  Tr. 16–19.  Before reaching the fourth step, the ALJ determined if Peace stopped the substance use, he would have the residual functional capacity ("RFC") to perform light work as defined by 20 C.F.R. § 404.1567(b), with the following exceptions: no climbing of ladders, ropes, or scaffolds; occasional climbing of ramps and stairs; occasional stooping, crouching, crawling, and kneeling; avoiding moderate exposure to use of moving machinery and all exposure to unprotected heights; limiting work to simple, routine, repetitive tasks in a work environment free of fast-paced production requirements and involving simple work related decisions with few, if any, changes to work place schedule; and occasionally interacting with the public and co-workers.  Tr. 19–22.  The ALJ found at step four that Peace was unable to perform any past relevant work.  Tr. 22–23.  Finally, at step five, the ALJ determined that if Peace stopped the substance abuse, considering Peace's age, education, work experience, and RFC, he could perform jobs existing in significant numbers in the national economy and

_____

[3] The ALJ determined that Peace's polysubstance abuse disorder was severe until July 15, 2014, but not thereafter.  Tr. 14.

concluded that he was not disabled during the period at issue. Tr. 23–24. The ALJ further held that Peace's substance use disorder is a contributing factor material to the determination of disability because Peace would not be disabled if he stopped the substance use. Tr. 24. Thus, the ALJ found that Peace has not been disabled within the meaning of the Social Security Act at any time from the alleged onset date through April 20, 2016, the date of the ALJ's decision. Tr. 24.

## II. STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the magistrate judge's conclusions. See Thomas v. Arn, 474 U.S. 140, 149–50 (1985). The R&R carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270–71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (citations omitted). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (citations omitted). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id. (citation omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ][,]" not on the

reviewing court. <u>Craig v. Chater</u>, 76 F.3d 585, 589 (4th Cir. 1996) (citation omitted).

However, "[a] factual finding by the ALJ is not binding if it was reached by means of an

improper standard or misapplication of the law." <u>Coffman v. Bowen</u>, 829 F.2d 514, 517

(4th Cir. 1987) (citations omitted).

### III. DISCUSSION

Peace objects to the R&R on two grounds, arguing that the magistrate judge erred

in: (1) "finding that the ALJ was justified in rejecting his 100% [Department of Veterans

Affairs ("VA")] disability rating for [PTSD] with chronic sleep impairment (also claimed

as depression)"; and (2) finding "that the ALJ properly relied upon the record in assessing

his subjective complaints and setting out his [RFC]." Pl.'s Objs. 1, 5. Because Peace's

first objection provides grounds for remand, the court does not consider the remaining

objection.

As stated above, Peace argues that the magistrate judge erred in finding "that the

ALJ was justified in rejecting his 100% VA disability rating [("VA rating decision")] for

[PTSD] with chronic sleep impairment (also claimed as depression). <u>Id.</u> at 1. In

opposition, the Commissioner contends that substantial evidence supports the ALJ's

evaluation of the VA rating decision. Def.'s Resp. 3–8.

The Fourth Circuit addressed the standards for evaluating VA rating decisions in

<u>Bird v. Commissioner of Social Security Administration</u>, 699 F.3d 337 (4th Cir. 2012).

The <u>Bird</u> court held that VA rating decisions are entitled to "substantial weight." <u>Id.</u> at

343. This rule recognizes that the Social Security Administration and the VA share

similar "purpose[s] and evaluation metholog[ies]," and that VA rating decisions often

address the same issues and evidence addressed under the Social Security Act. <u>Id.</u>

However, the court also recognized that VA rating decisions are not binding on the Social Security Administration, which employs its own standards in evaluating a disability claim. Id. Furthermore, the effective dates of coverage must be taken into account when comparing VA rating decisions with Social Security claims. Id. Therefore, the court held that "an ALJ may give less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate." Id.

Courts applying Bird have recognized that it imposes a heightened duty on the ALJ to explain the weight given to a VA disability rating when the ALJ departs from the "substantial weight" standard. See, e.g., Hildreth v. Colvin, No. 1:14CV660, 2015 WL 5577430, at *4 (M.D.N.C. Sept. 22, 2015) (reversing ALJ's decision where ALJ failed to "clearly demonstrate[] the grounds for departure from the Bird substantial weight standard"). While it may have been sufficient pre-Bird for an ALJ to offer a "conclusory statement" that the VA rating decision was inconsistent with the record, without any clarification of what evidence was being referenced or why it qualified as inconsistent, that approach is no longer valid. Cobbs v. Colvin, Civil Action No. 1:12-cv-03472-JMC, 2014 WL 468928, at *8 (D.S.C. Feb. 4, 2014); see also Parker v. Colvin, Civil No. 3:14cv618-HEH, 2015 WL 5561213, at *15 (E.D. Va. Sept. 11, 2015) (citation omitted) ("An ALJ must not dismiss the import of [VA rating] decisions in a conclusory fashion."). Under Bird, "the ALJ must discuss, in detail, why or how the VA rating decisions were entitled to only limited weight." Id. (citation omitted).

Here, the ALJ addressed the VA rating decision as follows:

> [T]he undersigned finds that the receipt of such benefits provides some insight into the severity of the claimant's impairments and how they affect his ability to function. However, the undersigned is not bound by any disability

7

determination of another agency due to the fact that the other agency's finding is not based upon Social Security rules and regulations. (20 C.F.R. §§ 404.1504 and 416.904). In this case, there is no explanation of the reasons surrounding the November 3, 2014 confirmation of the claimant's disability, other than the categorization of his impairments as "[PTSD] with chronic sleep impairment, (also claimed as depression)". The undersigned finds that this opinion is entitled to some weight for the period prior to July 15, 2014, as it included the time period when the claimant was abusing drugs and alcohol, which is consistent with the finding that his condition met Listing 12.04, as discussed above. However, the undersigned gives this opinion no weight when analyzing the claimant's condition without considering his polysubstance abuse disorder as his mental functioning improved significantly when he was not using drugs and alcohol.

Tr. 22, 15.

This explanation is insufficient under <u>Bird</u>. First, the ALJ does not even acknowledge that the analysis should start from an assumption that the VA rating decision is entitled to "substantial weight." <u>Bird</u>, 699 F.3d at 343. In addition, the ALJ's observation that he "is not bound by any disability determination of any other agency due to the fact that the other agency's finding is not based upon Social Security rules and regulations[]" ignores the entire premise of <u>Bird</u>. The <u>Bird</u> court already considered that argument and accounted for it in designing the rule. Thus, there is no need to revisit the argument, and it is error to cite it as a justification for departing from the substantial weight standard. <u>See</u> <u>Lawson v. Colvin</u>, C/A No. 0:14-4662-DCN-PJG, 2015 WL 7769234, at *4 (D.S.C. Nov. 17, 2015) (citation omitted) ("<u>Bird</u> . . . instructs that these differences are not alone sufficient reason to discount a VA decision."), adopted in 2015 WL 7776897 (D.S.C. Dec. 2, 2015); <u>Hildreth</u>, 2015 WL 5577430, at *3 (citations omitted) ("[T]he ALJ's statement that she was 'not bound by' the VA's disability ratings

because the VA's disability standards differed from those of the Social Security Administration, disregards <u>Bird</u>'s holding to the contrary[.]").

Second, the ALJ discounts the VA rating decision, stating "there is no explanation of the reasons surrounding the November 3, 2014 confirmation of the claimant's disability, other than the categorization of his impairments as [PTSD] with chronic sleep impairment, (also claimed as depression)." Tr. 22, 15. The parties' underlying argument with respect to the weight assigned to the VA rating decision is whether the ALJ's failure to consider the Compensation & Pension examination (the "C&P exam"), which appears twice in the record, Tr. 342–51, 741–49, was proper. <u>See</u> Pl.'s Objs. 1 ("The Magistrate's statement that 'the plaintiff's reliance on the January 2013 C&P examination as "explanation" for the VA decision is without support in the record' is simply specious reasoning."); Def.'s Resp. 4–5 (arguing that "the record fails to support the nexus" between the C&P exam and the VA rating decision).

The record reflects that on November 3, 2014, the VA issued a letter to Peace, stating its VA rating decision—100% disabled due to his service-connected disabilities, specifically, his "[PTSD] with chronic sleep impairment (also claimed as depression)." Tr. 736–37. The court agrees with the Commissioner and the magistrate judge that this letter fails to provide any explanation or reference any evidence to support its decision. Tr. 736–37; Def.'s Resp. 4; R&R 21. However, the court notes the following language provided in the letter: "This is in reply to your request for a statement verifying your service-connected disabilities[,]" Tr. 736, and the title given to this document in the Court Transcript Index—"VA Disability Rating Verification, dated 11/03/2014 to 11/03/2014[,]" ECF No. 10-1 at 2. The court is uncertain whether all evidence pertaining

to the VA rating decision is included in the record. For example, in other Social Security actions, the document providing the VA rating decision, which typically provides the VA's reasoning for assigning a particular rating, is part of the record, not just a VA disability rating verification letter, which simply states the VA rating decision without explanation. While it is true that "[a] claimant seeking DIB has the burden of furnishing medical and other evidence at steps one through four[,]" Trinemeyer v. Berryhill, Civil Action No. 0:15-cv-4325-TMC, 2017 WL 562497, at *3 (D.S.C. Feb. 13, 2017), the ALJ must thoroughly scrutinize the record and consider all evidence in favor and against granting benefits. Wright v. Colvin, Civil No. 4:13-cv-42, 2014 WL 2968110, at *9 (E.D. Va. Mar. 18, 2014), rejected on other grounds in 2014 WL 2968136 (D.S.C. June 30, 2014). In Wright, after determining that the ALJ failed to comply with Bird, the court briefly mentioned the ALJ's second reason for assigning the VA rating decision little weight—the VA determination letter was "not supported by substantive medical analysis." Id. The District Court of Eastern Virginia stated, "it bears mention that 'Social Security proceedings are inquisitorial rather than adversarial[] [and] [i]t is the ALJ's duty to investigate the facts and develop arguments both for and against granting benefits[.]'" Id. (alteration in original) (quoting Sims v. Apfel, 530 U.S. 103, 111 (2000)); see also Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir. 1986) (citations omitted) ("This circuit has held that the ALJ has a duty to explore all relevant facts and inquire into the issues necessary for adequate development of the record, and cannot rely only on the evidence submitted by the claimant when that evidence is inadequate."); Herrien v. Astrue, No. 2:11cv560, 2013 WL 1121361, at *9–11 (remanding the case and instructing the ALJ to give substantial weight to the VA disability determination or to

explicitly explain the reason for deviating from the VA's outcomes based on the court's finding that the record contains scant information with respect to the substance of the VA's disability determination and that without the ALJ fulfilling his duty to fully and fairly develop the record, the ALJ was without sufficient evidence to determine what weight the VA's disability determination merits), adopted in 2013 WL 1057173 (E.D. Va. 2013); Worthington v. Astrue, No. 7:11-CV-00207-FL, 2012 WL 4026067, at *4 (E.D.N.C. Sept. 12, 2012) ("[T]he ALJ's failure to further develop the record as necessary to evaluate plaintiff's testimony that she was receiving state disability benefits was error requiring remand.").

It appears that the only evidence in the record that assists in explaining the VA rating decision is the C&P exam dated January 15, 2013. See Tr. 342–51, 741–49. In the R&R, the magistrate judge finds that a nexus does not exist between the VA rating decision and the C&P exam. R&R 21. In opposition, Peace contends that the ALJ erroneously failed to consider the C&P exam, asserting that the VA rating decision was based on the C&P exam. Pl.'s Objs. 1. Referencing the VA's website, Peace contends that the C&P exam "documents the level of [a veteran's] disability." Id. at 2 (quoting http://www.benefits.va.gov/COMPENSATION/docs/claimexam-faq.pdf). In response, the Commissioner contends that even though the C&P exam is used "'as part of the evaluation in processing the Veteran's claim' (Tr. 343), the rating decision itself did not reference the examination, review its findings, contain any medical report summary, or provide any explanation of the evidence considered[,] (R&R at 21 (citing Tr. 736–37))." Def.'s Resp. 5.

As stated above, the ALJ discounted Peace's VA rating decision because "there is no explanation of the reasons surrounding the November 3, 2014 confirmation of the claimant's disability[.]" Tr. 15, 22. However, pursuant to Fourth Circuit precedent, the ALJ was required to "explore all relevant facts and inquire into the issues necessary for adequate development of the record," Cook, 783 F.2d at 1173, and, under Bird, the ALJ was required to "clearly demonstrate" a deviation from the substantial weight standard, Bird, 699 F.3d at 343 (emphasis added) ("[A]n ALJ may give less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate."); see also Hildreth, 2015 WL 5577430, at *4 (alteration in original) (citation omitted) ("An ALJ must explicitly detail the reasons for giving [a VA disability determination] less weight."). Courts have determined that C&P exams may be considered. See e.g., Trinemeyer, 2017 WL 562497, at *3 ("The ALJ appropriately considered the evidence of record which was a Compensation and Pension examination and references to the VA disability rating."). However, here, the ALJ neither mentions the C&P exam—the only document of record that aids in explaining the VA disability rating—nor provides any reasoning for disregarding it. Both the Commissioner and the R&R highlight reasons for the AJL's failure to consider the P&C exam, Def.'s Brief 4–5; R&R 20–21, but the ALJ did not provide such reasoning in his decision. This court's duty is to review the findings of the ALJ. To the extent the ALJ failed to explain his decision, the court cannot explain it for him. Therefore, the court finds that the ALJ's decision does not "clearly demonstrate that . . . a deviation from a finding of substantial weight is appropriate." Accordingly, the court remands this case with instructions for the ALJ to follow the specific method for weighing VA disability ratings prescribed in Bird.

## IV.   CONCLUSION

Based on the foregoing, the court **REJECTS** the R&R, **REVERSES** the Commissioner's decision, and **REMANDS** the case for further administrative proceedings.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**November 20, 2017**
**Charleston, South Carolina**